**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| JAMES H. ROBINSON III and<br>KENNETH FLETCHER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:13-mc-0060 |
| | ) | |
| CCA MEDICAL STAFF/KITCHEN,<br>CCA DENTAL STAFF, | ) | Judge Campbell |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION</u>

Plaintiffs James H. Robinson III and Kenneth Fletcher are inmates at the Metro-Davidson County Detention Facility in Nashville, Tennessee. The Court has granted the plaintiffs leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss any *in forma pauperis* complaint or prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read a *pro se* plaintiff's complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Based on these standards, the plaintiffs' present action will be dismissed for failure to state a claim.

**I.      Standard of Review**

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.    Factual Allegations

In the complaint in this action, the lead plaintiff, James Robinson, alleges that on April 9, 2013, he put pasta salad served for lunch in his own bowl with a lid to save for later. Around 3:00 that afternoon, he was eating his pasta salad in his cell. Robinson alleges that while eating the pasta salad, he "almost swallowed this piece of sharp metal." (ECF No. 1, at 5.) He asserts that he "could have died or really gotten hurt." (*Id.*) He claims that the metal scraped the top of his gums and damaged some dental work, and that the injury continues to cause discomfort. He spit out the metal object immediately, and reported the event to Corrections Officer Vaughan and to his counselor, Ms. Taylor. Kenneth Fletcher, Robinson's cellmate, was present and witnessed the incident.

Robinson states he put in a request for medical attention the same day, April 9, 2013, through Ms. Taylor, but was not called to medical until April 17. Robinson states he was "mad because it took them a long time" so he refused a medical examination. He has not requested further medical or dental attention. He states, "Plus I did not have three dollars to give them." (*Id.*) In addition to the request for medical attention, he submitted two informal grievances, two grievances, and an inmate request form to the warden, who denied his grievance after meeting with the plaintiff on June 5, 2013. (*Id.*)

For relief, Robinson seeks "dental work . . . form an outside source" and for CCA, which operates the Metro-Davidson County Detention Facility, to pay for any dental work "because of their carelessness." (*Id.*) The complaint is signed by both Robinson and Fletcher. The named defendants are "CCA Medical Staff/Kitchen," and "CCA Dental Staff."

## III.    Discussion

The plaintiffs bring suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Gratta*n, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, it is clear that plaintiff Kenneth Fletcher does not allege the violation of any rights.

- 2 -

He does not allege any involvement in the event alleged in the complaint, except that he apparently witnessed it. In entering an initial deficiency order in this case, the Court noted that it was unclear whether Fletcher intended to join the action as a plaintiff, because he appeared only to be a witness. The Court gave Fletcher the opportunity to opt out by instructing him to inform the Court if he was merely a witness and did not intend to join the action. Instead, Fletcher submitted his own application to proceed *in forma pauperis*, indicating his affirmative desire to join this action. Regardless, because Fletcher does not allege that he himself suffered any violation of his rights, his claims in this matter must be dismissed for failure to state a claim for which relief may be granted.

As for Robinson, he alleges that he cut his mouth on a piece of metal found on one occasion in his food. He sought medical treatment, but then refused to take a sick call because he was angry about not having received medical attention sooner. He claims he needs dental work, but he does not remotely allege how having cut his gum affected his dental work. Moreover, he refused treatment when given the opportunity, and never sought treatment after the initial refusal. Based on these allegations, it appears the plaintiff's claim has three components: (1) a claim against CCA on the basis that CCA was negligent in failing to ensure the safety and wholesomeness of his food; (2) a claim based on CCA medical staff's failure to provide prompt medical care after the plaintiff encountered a piece of metal in his food; and (3) a claim that he is being denied dental care.

The Court presumes that the plaintiff intends to bring suit for violation of his rights under the Eighth Amendment to the United States Constitution. The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment actually protects a wide assortment of interests, and has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). The amendment imposes affirmative duties on prison officials to "assume some responsibility for [each prisoner's] safety and general well-being," and to "provide for his basic human needs," including medical care. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989).

The Supreme Court has also confirmed, however, that mere negligence or carelessness on the part of

- 3 -

prison officials, for instance, the accidental or inadvertent failure to provide adequate medical care to a prisoner, would not violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). Instead, only the "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Id.* at 104.

Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question in this context involves both a subjective and an objective component: The objective prong asks whether the harm inflicted by the prison official's conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The objective component is contextually driven and is responsive to "'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle*, 429 U.S. at 103). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Again, deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but it can be demonstrated "by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Based on these principles, the Court finds, first, that Robinson fails to state a claim against CCA kitchen staff based on one instance of finding a small piece of metal in his food. He does not allege that this is a regular occurrence, and he apparently concedes that the event was the result of carelessness or negligence. He has not alleged facts suggesting deliberate indifference on the part of CCA itself or CCA's kitchen staff.

Second, the Court finds that the injury at issue, for which the plaintiff refused medical treatment one week after incurring the injury, was not sufficiently serious to warrant Eighth Amendment protection. He indicates that his gum was scraped, but he does not allege that the wound bled profusely or that the wound failed to heal properly after a week without treatment.

And third, although the plaintiff claims that the piece of metal damaged dental work, he does not state how a scrape on his gum damaged "dental work," nor does he even specify what type of dental work he

- 4 -

believes he needs. Moreover, the plaintiff does not allege that he ever sought and was then denied dental treatment at the prison. The Court therefore finds, with respect to this claim, that the complaint does not contain sufficient factual content to state a claim that is plausible on its face, or to allow the Court reasonably to draw the inference that the named defendants are liable for any misconduct. *Iqbal*, 556 U.S. at 678.

**IV.    Conclusion**

For the reasons set forth herein, the complaint will be dismissed in its entirety. An appropriate order is filed herewith.

Todd Campbell
United States District Judge